T.C. Memo. 1997-418


UNITED STATES TAX COURT


EDGAR AND DORIS BROWN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 25831-95.                    Filed September 22, 1997.


Edgar Brown and Doris Brown, pro sese.

Charles Pillitteri, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, Judge:  Respondent determined a deficiency of $41,875
in petitioners' 1991 Federal income tax and an accuracy-related
penalty pursuant to section 6662 in the amount of $8,375.

Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and

all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions,[1] the issues to be decided involve the substantiation of certain Schedule C business expense deductions and Schedule A itemized deductions claimed by petitioners on their 1991 joint Federal income tax return.[2]

FINDINGS OF FACT

Some of the facts have been stipulated for trial pursuant to Rule 91. The parties' stipulations of fact are incorporated herein by reference and are found as facts in the instant case.

At the time they filed their petition in the instant case, petitioners Edgar Brown (Mr. Brown) and Doris Brown (Mrs. Brown) resided in Lucedale, Mississippi. Petitioners filed a joint U.S. Individual Income Tax Return (Form 1040) for the year in issue.

_____

[1] In the notice of deficiency, respondent determined that petitioners had unreported income from Hercules, Inc., in the amount of $21,429. Subsequently, the parties conceded that petitioners have unreported income in the amount of $18,229.
Additionally, in the notice of deficiency, respondent disallowed certain Schedule C business expenses of petitioners. Subsequently, respondent conceded that petitioners are entitled to business expense deductions in the amount of $10,949 for insurance and in the amount of $543 for taxes.

[2] On their 1991 return, petitioners claimed exemptions in the amount of $10,750 and reported self-employment taxes in the amount of $5,494. On the basis of adjustments in the notice of deficiency, respondent reduced petitioners' exemption deduction by $2,580 and increased petitioners' self-employment taxes by $4,753. We sustain those computational adjustments to the extent that they result from the Rule 155 computations that we order below.

During the year in issue, Mr. Brown operated a tree stumping business, in which he removed tree stumps from the ground in Mississippi and transported them to Brunswick, Georgia, to be processed by Hercules, Inc. (Hercules), which paid him for the stump wood that he delivered. In his business, Mr. Brown used at least three Caterpillar tractors, two loaders, two trucks with trailers, and two pickup trucks. Mrs. Brown maintained petitioners' books and records, including those pertaining to Mr. Brown's tree stumping business, and stored the records in petitioners' house.

Mr. Brown maintained a shop in Fruitdale, Alabama, where he repaired his tree stumping equipment. For more difficult repair jobs, Mr. Brown sent his equipment to a garage in Richland.

Mr. Brown also served as pastor to a small church in Mississippi. In his ministry, Mr. Brown, inter alia, evangelized, visited people in hospitals, and attended wakes.

During September 1994, Willie Sue Daniels, a tax auditor with respondent, met with Mrs. Brown to examine petitioners' 1991 return. At the meeting, Mrs. Brown produced substantiation for certain deductions that petitioners had claimed on their return. In order to complete the audit, Ms. Daniels scheduled a second meeting, which Mrs. Brown missed because she was out of town attending a funeral. On or around September 28, 1994, respondent issued petitioners an initial report stating that their 1991

examination was closed and that they owed approximately $99,783 in taxes, penalties, and interest.

On January 10, 1995, petitioners' house was gutted by fire, which destroyed all of petitioners' books and records.  After the fire, respondent scheduled several meetings with petitioners to review the status of their case.  Petitioners produced some additional substantiation of their deductions.

Subsequently, respondent issued a notice of deficiency in which respondent determined, inter alia, that petitioners were not entitled to certain Schedule C or Schedule A deductions beyond the amounts for which they provided substantiation during the course of their examination.  Accordingly, respondent increased petitioners' income by the amount of the disallowed deductions.  Additionally, respondent disallowed certain deductions as automatic adjustments resulting from the increase in petitioners' income.

## OPINION

The issue to be decided in the instant case is whether petitioners have substantiated certain Schedule C business expense deductions and Schedule A itemized deductions that they claimed on their 1991 joint Federal income tax return. Deductions are a matter of legislative grace, and petitioners bear the burden of proving that they are entitled to the deductions claimed.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292

U.S. 435 (1934). Taxpayers are required to maintain records that are sufficient to enable the Commissioner to determine their correct tax liability. See sec. 6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs. Moreover, a taxpayer who claims a deduction bears the burden of substantiating the amount and purpose of the item claimed. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), Income Tax Regs.

Under certain circumstances, however, if a taxpayer establishes the entitlement to a deduction but does not establish the amount of the deduction, we may estimate the amount allowable, Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930), if the taxpayer provides some rational basis upon which an estimate may be made, Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). In estimating the amount allowable, we bear heavily upon the taxpayers, whose inexactitude is of their own making. Cohan v. Commissioner, supra at 543-544.

Respondent contends that petitioners are not entitled to any deductions beyond the amounts allowed in the notice of deficiency and in the stipulations. Petitioners, however, contend that they are entitled to all of the deductions that they claimed on their return. As all of their records were destroyed by fire, petitioners seek to establish their entitlement to the disallowed deductions through their testimony only.

We first examine the disallowed Schedule C deductions in issue. On their 1991 return, petitioners claimed Schedule C expenses related to Mr. Brown's tree stumping business in the amount of $194,059. After concessions,[3] respondent disallowed $84,021 of those business expenses on the grounds that petitioners failed to substantiate that the amounts were paid and were for business purposes. At trial, petitioners testified that they incurred certain expenses, as discussed infra. We are satisfied by the testimony of petitioners that, in carrying out his tree stumping business, Mr. Brown incurred expenses beyond those allowed by respondent in the notice of deficiency. Because petitioners have not established the precise amount of the deductions, however, we shall make a reasonable approximation of the amounts allowable, "bearing heavily" upon petitioners as permitted by Cohan v. Commissioner, supra at 543.

Petitioners claimed interest expenses in the amount of $9,390, which respondent allowed to the extent of $1,392. Accordingly, the amount remaining in issue is $7,998. At trial, petitioners provided neither documentary evidence nor testimony to substantiate the additional $7,998 in interest expenses that they claimed. Moreover, they failed to offer any reconstruction of the amounts through third party records. Consequently, as there is no rational basis to approximate those expenses, we

---

[3]   See supra note 1.

conclude that petitioners have not met their burden of substantiating the deduction for an additional $7,998 in interest expenses. Rule 142(a).

Petitioners claimed car and truck expenses in the amount of $56,542, which respondent allowed to the extent of $49,989, insurance expenses on vehicles in the amount of $18,410, which respondent allowed to the extent of $16,873, and tax and license expenses in the amount of $4,605, which respondent allowed to the extent of $543. At trial, however, petitioners failed to offer adequate evidence to meet the strict substantiation requirements of section 274(d)(4) or otherwise show that the requirements of section 274(d)(4) do not apply to such expenses. Accordingly, we conclude that petitioners have failed to establish allowable car and truck expenses, insurance expenses, and tax and license expenses beyond those allowed by respondent.

Petitioners claimed office expenses in the amount of $706, which respondent disallowed in full. Mrs. Brown testified that she ran the office for Mr. Brown's tree stumping business and that she spent $706 for stamps, envelopes, tape, staples, paper, pens, and folders. We are satisfied by the record in the instant case that petitioners incurred $706 in office expenses.

Petitioners claimed repair expenses in the amount of $56,665, which respondent disallowed in full.[4] Mrs. Brown

---

[4] The parties' stipulations categorized petitioners' tire
(continued...)

testified that Mr. Brown purchased truck parts, tractor parts, track, welding materials, acetylene, oxygen, welding rods, wrenches, rollers, engines, hydraulic systems, and a set of rails. Mr. Brown testified that a set of rails (treads for the tractor) costs approximately $5,000-7,000 but failed to provide the cost of any of the other parts that he purchased. Mr. Brown testified that he did some repair work on his own in the Fruitdale shop. Additionally, he testified that he took more difficult repair jobs to a garage in Richland. On the basis of the record in the instant case, we approximate petitioners' repair expense to be $40,000 during 1991.

Petitioners claimed travel expenses in the amount of $3,417, which respondent disallowed in full. Mrs. Brown testified that Mr. Brown incurred travel expenses when he performed work out of town and when he traveled to Florida to purchase parts. Petitioners, however, did not produce adequate records or sufficient evidence substantiating their travel expenses as required by section 274(d). Accordingly, we sustain respondent's disallowance in full of petitioners' claimed travel expenses.

---

[4](...continued)
expense as a car and truck expense. At trial, however, petitioners argued that their repair expenses consisted of $41,058 for parts and $15,067 for tires. As we have addressed petitioners' tire expense in the car and truck category, the amount in issue in the repair expense category is limited to $41,058 for parts.

Petitioners claimed utilities expenses in the amount of $2,937, which respondent disallowed in full. Mrs. Brown testified that Mr. Brown used the telephone in petitioners' home to arrange work projects and to receive calls regarding potential jobs. Additionally, Mrs. Brown testified that petitioners paid for water, telephone, and electricity at the Fruitdale shop. On the basis of the record in the instant case, we are persuaded that petitioners incurred allowable business expenses (i.e., expenses other than the personal expense of the first telephone line provided to petitioners' residence, see sec. 262(b)) to some extent for such items. Accordingly, we approximate petitioners' utility expenses to be $1,500 during 1991.

Petitioners claimed bank charge expenses in the amount of $146, which respondent disallowed in full. At trial, petitioners provided no evidence or testimony to substantiate the amount or the purpose of the bank charge expense deduction that they claimed. Consequently, as there is no rational basis to approximate such expenses, we conclude that petitioners have not met their burden of substantiating them. Rule 142(a). In sum, as to petitioners' Schedule C business expenses, we conclude that petitioners have substantiated expenses in the amount of $158,038.52.

We turn to examine the Schedule A deductions in issue. On their 1991 return, petitioners claimed Schedule A itemized deductions in the amount of $29,305. In the notice of

deficiency, respondent listed three adjustments to petitioners' itemized deductions, disallowing $13,847 of those deductions. As to petitioners' deduction for charitable contributions in the amount of $18,496, respondent concluded that petitioners had not established that they donated any amount greater than $16,536 to qualifying organizations during the tax year and, therefore, reduced petitioners' deduction by $1,960. At trial, petitioners provided no evidence or testimony substantiating the additional $1,960 in charitable contributions. Consequently, as there is no rational basis to approximate those contributions, we conclude that petitioners have not met their burden of substantiating them.

As to petitioners' line 21 deduction for "Job Expenses and Most Other Miscellaneous Deductions" in the amount of $10,810, respondent conceded that petitioners were entitled to deduct $161 for other miscellaneous itemized deductions (line 20 deduction). Respondent, however, concluded that petitioners had not established that they paid any amount greater than $560 for the unreimbursed employee expenses related to Mr. Brown's job as a minister (line 19 deduction) and, accordingly, disallowed $10,089 of those expenses. On the basis of the increase in petitioners' gross income resulting from all of the adjustments in the notice of deficiency, however, respondent determined that the allowable miscellaneous expenses in the amount of $721 were less than 2

percent of petitioners' adjusted gross income, and, therefore, that petitioners' miscellaneous itemized deduction was zero.

At trial, Mrs. Brown testified that Mr. Brown paid all expenses related to his job as pastor for a small church. Mrs. Brown testified that Mr. Brown paid for all expenses during his visits and trips to hospitals and wakes, including mileage, travel, and entertainment. Additionally, Mrs. Brown testified that, in his ministry, Mr. Brown purchased books, flowers, and gifts and incurred office expenses. We are satisfied by the testimony of Mrs. Brown in the instant case that petitioners incurred some amount of expenses in carrying out Mr. Brown's ministry. Accordingly, we approximate that petitioners incurred allowable expenses (i.e., expenses other than travel expenses, which are disallowed pursuant to section 274(d) on the grounds of lack of adequate records or sufficient evidence) in the amount of $6,000 pursuant to Mr. Brown's ministry. Accordingly, we hold that petitioners are entitled to deduct $6,721 in "Job Expenses and Most Other Miscellaneous Deductions" (line 21 deduction), subject to the 2-percent limitation based on petitioners' adjusted gross income resulting from the Rule 155 computations that we order below.

Finally, on the basis of the increase in petitioners' gross income resulting from all of the adjustments in the notice of deficiency, respondent determined that petitioners' adjusted gross income exceeded $100,000 and, therefore, reduced

petitioners' itemized deductions by $2,357. We sustain respondent's determination to the extent that it applies to the Rule 155 computations that we order below.

The final issue to be decided is whether petitioners are liable for a penalty pursuant to section 6662. Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment of tax that is attributable to, inter alia, (1) negligence or disregard of rules or regulations or (2) any substantial understatement of income tax. The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Code, including failure to exercise due care, failure to do what a reasonable person would do under the circumstances, or failure to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. The term "disregard" includes any careless, reckless, or intentional disregard of the Code or of the temporary and final regulations issued pursuant to the Code. Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs. A substantial understatement of tax is defined as the amount which exceeds the greater of 10 percent of the tax required to be shown on the return for the taxable year or $5,000. Sec. 6662(d)(1)(A).

The accuracy-related penalty does not apply to any portion of an underpayment with respect to which it is shown that there was a reasonable cause and that the taxpayer acted in good faith. Sec. 6664(c)(1). The decision as to whether the taxpayer acted

with reasonable cause and in good faith depends upon all pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's efforts to assess the proper tax liability. Id. Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of the experience, knowledge, and education of the taxpayer. Id. Petitioners must establish error in respondent's determination that they are liable for the penalty provided by section 6662(a). Rule 142(a); Estate of Monroe v. Commissioner, 104 T.C. 352, 366 (1995).

On the basis of the record in the instant case, we conclude that petitioners had reasonable cause and acted in good faith. We are satisfied by the record in the instant case that petitioners had substantiation for most if not all of their deductions they filed their return. Mr. Brown testified that he gave all receipts relating to his tree stumping business to Mrs. Brown, who stored the books and records of the business in their home. Additionally, petitioners testified that, at Mrs. Brown's first meeting with Ms. Daniels, petitioners had substantiation for all of the deductions that they claimed on their return. We note that petitioners' testimony was uncontroverted by respondent. At trial, respondent asked Ms. Daniels whether, during the first meeting with Mrs. Brown, she looked at all of the documents that Mrs. Brown presented at that time. Ms.

Daniels testified that, if she had not had the time to view all of petitioners' documents at the first meeting, she "would have asked for them on the document request to be presented at the second appointment." When asked if she submitted a document request after the first meeting, Ms. Daniels said, "Yes."

In the instant case, except as to the unreported income conceded by petitioners, see supra note 1, petitioners' underpayment resulted from their failure to substantiate at trial the deductions that they claimed on their return. Petitioners' inability to produce any documentation at trial resulted from the loss of their records in the house fire. We are satisfied, however, that petitioners possessed substantiation for most if not all of their deductions when they filed their return. Consequently, we conclude that petitioners had reasonable cause and acted in good faith as to the underpayment resulting from the deductions in issue. Accordingly, we hold that petitioners are not liable for the penalty pursuant to section 6662(a) on the understatement resulting from the disputed deductions and that petitioners are liable for the penalty on the underpayment resulting from the unreported income conceded by petitioner.

To reflect the foregoing,

Decision will be entered
under Rule 155.